[Civ. No. 9002.   Third Dist.   Apr. 29, 1957.]

KLAZINA GLANTZ, Respondent, v. ROBERT GLANTZ, Appellant.

Philip O. Solon for Appellant.

Rodin, Nelson & Coffin for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment for separate maintenance. The parties hereto were married January 19, 1950, in the Netherlands, to which country appellant had gone anticipatory to the marriage and after the parties had corresponded for some time. Respondent was a war widow with a child. After the marriage, appellant returned to his home near Turlock, California, and on July 2, 1950, respondent arrived, having left her child in the Netherlands. Appellant was and for long had been residing in the home of his parents. His father ran a dairy. Appellant worked about the place and apparently had never done anything else. On September 5th, after two months' cohabitation, respondent left appellant and has not lived with him since. On October 10th she brought suit for separate maintenance, alleging extreme cruelty as her cause of action for divorce. She specifically pleaded that on September 1st appellant had struck her with his fist, and that on September 3d he had refused to cohabit with her and to treat her as his wife. Intermediate the separation and the filing of suit by respondent, efforts were made to induce her to return. Appellant offered, through the aid of his father, to provide the couple with a separate home. Respondent viewed various residences with appellant and his father and selected one, upon which the father made the down payment, and arranged the transaction so that the accruing payments would amount to $35 per month. However, respondent insisted before she moved in with her husband that the house be completely paid for, stating as her only reason that she feared that the appellant would be unable to make the monthly payments. Her demands not being met, she refused to return to her husband.

At the trial of this case, which took place almost five years after it was commenced, respondent testified that on one occasion and while they were having a quarrel, her husband slapped her on the arm sufficiently hard to leave a red mark, and that for two nights before she left appellant had slept in a separate bedroom. She said these were the only specific acts of cruelty which she could charge against her husband, and on cross-examination she said that her grievances were really against her in-laws and not against appellant. She complained that appellant failed to take her side against his mother. There was no other evidence of cruelty.

Appellant contends that the evidence is insufficient to support the trial court's order for separate maintenance, which ordered that he pay to respondent $50 per month from October 21, 1950, and that he pay to her for the support of the minor child that was born after the separation the further sum of $50 per month, beginning at the same time. Custody of the child was awarded to the mother.

Appellant's contention that the evidence is insufficient to support the separate maintenance decree must be sustained. ■ A slap on the arm during a mutual quarrel and a refusal for two nights to sleep in the same bedroom are wholly insufficient to support a finding that appellant inflicted upon respondent grievous bodily injury or grievous mental suffering. (Civ. Code, § 94; *Truax* v. *Truax*, 62 Cal.App.2d 441, 443-444 [145 P.2d 88]; *Julson* v. *Julson*, 110 Cal.App.2d 797, 799-801 [243 P.2d 558].) ■ It appears that, when the action was filed, an order was made, effective October 21, 1950, for payment by appellant to his wife for the support of their child of the sum of $50 per month pending the outcome of the litigation. It appears also that little has been paid, but the exact amount does not appear. Under the circumstances, it was within the discretion of the court to make the order concerning child custody and child support, and we see no reason for disturbing that part of the decree.

The decree appealed from is reversed, except in so far as it grants child custody and support and directs appellant to pay the amounts awarded to respondent therefor.

Peek, J., and Schottky, J., concurred.